Filed 10/22/20  In re Ferrell CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re TYREE IRVIN FERRELL,<br><br>     on Habeas Corpus. | 2d Crim. No. B303028<br>(Super. Ct. No. BA212763)<br>(Los Angeles County) |

Tyree Irvin Ferrell petitions for a writ of habeas corpus claiming the jury was given an erroneous felony murder instruction along with valid instructions on two other theories of second degree murder.  We conclude the error was harmless beyond a reasonable doubt and deny the petition.

## FACTS

### *Underlying Trial*

Farrell was charged with first degree murder of Lawrence Rawlings (Pen. Code,[1] § 187, subd. (a)), plus a firearm enhancement pursuant to section 12022.53, subdivision (d).

---

[1] All statutory references are to the Penal Code.

Ferrell and Rawlings were friends and members of the "All For Crime" (AFC) gang. On July 12, 1999, AFC and another local gang "40 Piru" got into a fist fight over a gambling debt. Ferrell, Rawlings, and another AFC member, Henry Keith, participated in the fight. Rawlings's girlfriend, Cussondra Davis, and his cousin, Latesha Rawlings, saw the fight.

After the fight was over, Davis saw Ferrell shoot in the direction of the 40 Piru gang members. Davis dropped to the ground and saw Ferrell fire a second shot. When she looked down the street, she saw Rawlings lying on the ground with blood coming from his head. Ferrell dropped the gun and fled.

Latesha Rawlings gave testimony similar to Davis's, except she testified, "As [Ferrell] was shooting, his hand was going all kind of ways, like he couldn't handle the gun. . . . [H]is hand wasn't like he had control of the gun. . . ."

Ferrell fled to Missouri. Eventually the police arrested him there. He waived his *Miranda* rights and talked to the police. (*Miranda v. Arizona* (1966) 384 U.S. 436.) He said that on July 12, 1999, he was with members of his gang and members of the 40 Piru gang. They got into a fight. He said he shot once into the air to stop the fight. As he brought the gun down, it discharged accidentally, hitting Rawlings.

*Defense*

Keith testified that he is a member of the AFC gang. He participated in the fight on July 12, 1999. He heard a shot and saw Ferrell holding a gun with his arm straight up in the air. As Ferrell brought his gun down, Keith heard another shot. Keith turned and saw Rawlings on the ground. Ferrell went to Rawlings and said, "I didn't mean it." Then Ferrell left the area.

Ferrell did not testify.

*Instructions and Verdict*

The prosecution argued to the jury, and the jury was instructed that it could convict Ferrell of second degree murder on any one of three theories: 1) an unlawful killing with express malice but no premeditation, 2) an unlawful killing with implied malice, and 3) felony murder that occurred during the willful discharge of a firearm with gross negligence in violation of section 246.3.

The jury returned a general verdict of second degree murder without specifying the ground. The jury also found that in committing the murder, Ferrell personally and intentionally discharged a firearm proximately causing death. (§ 12022.53, subd. (d).) The trial court sentenced Ferrell to 15 years to life for the murder, plus a consecutive 25 years to life for the firearm enhancement.

## APPEAL

On appeal, Ferrell argued that a violation of section 246.3 is not a proper predicate offense for felony murder. We rejected the argument on the ground that in *People v. Robertson* (2004) 34 Cal.4th 156, our Supreme Court held that a violation of section 246.3 is a proper predicate offense for felony murder. We affirmed Ferrell's conviction. (*People v. Ferrell* (Sept. 27, 2004, B168679) [nonpub. opn.].)

## POST-APPEAL

In *People v. Chun* (2009) 45 Cal.4th 1172, our Supreme Court reconsidered *Robertson* and held that a violation of section 246.3 is not a proper predicate offense for felony murder. *Chun* has been held to be retroactive even to cases that are final on appeal. (*In re Hansen* (2014) 227 Cal.App.4th 906, 920.)

Ferrell filed a petition for a writ of habeas corpus in superior court on the ground that the trial court erred in instructing on felony murder. The superior court denied the petition as untimely and for failure to state a prima facie case. Ferrell subsequently filed the instant petition in this court. We issued an order to show cause.

Ferrell filed this petition 10 years after *Chun* was decided. He claims he was unaware of *Chun* until December 2018 when his former appellate counsel happened to come across the opening brief he prepared in Ferrell's appeal. The People do not challenge the timeliness of the petition.

DISCUSSION

Ferrell contends that reversal of his second degree murder conviction is required because the jury was improperly given a felony-murder instruction.

Here the jury was properly instructed on two theories of second degree murder, express malice and implied malice, but improperly given a felony-murder instruction based on a violation of section 246.3. Where a jury is instructed on both correct and incorrect theories of guilt, reversal is required unless we conclude beyond a reasonable doubt that the jury based it verdict on a legally valid theory. (*People v. Chiu* (2014) 59 Cal.4th 155, 167.)

The People argue that the jury's true finding that Ferrell violated section 12022.53, subdivision (d) shows beyond a reasonable doubt that the jury based its verdict on a correct legal theory.

Section 12022.53, subdivision (d) provides for a consecutive 25-years-to-life enhancement for any person who in the commission of a murder "personally and intentionally discharges

4

a firearm and proximately causes great bodily injury . . . or death, to any person other than an accomplice . . . ."

The People argue that by finding Ferrell intentionally discharged a firearm, the jury rejected his defense that he accidentally fired the shot that killed Rawlings. The People conclude that the jury necessarily based its verdict on one of the two valid theories.

Ferrell does not contest that he personally and intentionally discharged his firearm. But he claims he only intentionally discharged it into the air. Ferrell argues the jury could find both that he intentionally discharged his firearm into the air and that the bullet that hit Rawlings was discharged accidentally as a proximate cause of the intentional discharge when he lowered the gun.

Included with the instruction on the elements of section 12022.53, subdivision (d), the jury was instructed on proximate cause as follows: "A proximate cause of death is an act or omission that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act or omission the death and without which the death would not have occurred." (CALJIC No. 17.19.5.)

The proximate cause instruction requires the death be the "*direct*, natural and probable consequence" of the act that caused the death. Rawlings's death was not the direct consequence of Ferrell's discharging his firearm into the air. His death was the direct consequence of Ferrell's shot parallel to the ground. In finding the firearm allegation pursuant to section 12022.53, subdivision (d) true, the jury necessarily found that Ferrell intentionally fired the shot that killed Rawlings. There is no reasonable doubt that the jury based its verdict on a valid theory.

5

Ferrell points out that in our opinion on appeal we stated the felony-murder instruction meant that the jury did not have to consider whether he acted without malice. (*People v Ferrell*, *supra*, B168679.) But in finding the section 12022.53, subdivision (d) allegation to be true, there is no reasonable doubt that the jury found Ferrell acted with at least implied malice.

Ferrell is not helped by *People v. Bland* (2002) 28 Cal.4th 313. In *Bland*, the defendant and a cohort shot into a car killing the driver and wounding two passengers. It could not be determined which shooter inflicted the harm. A jury convicted the defendant of murder and two counts of attempted murder. The jury also found true a firearm enhancement pursuant to section 12022.53, subdivision (d). The trial court instructed the jury on section 12022.53, subdivision (d), but failed to define proximate cause. Our Supreme Court concluded the failure to define proximate cause was harmless. It reasoned that although it could not be determined which shooter inflicted the actual injuries, proximate cause does not require the defendant to inflict an actual injury. Second, an uninstructed jury would interpret "proximate cause" to have a narrower meaning than it does. (*Bland*, at p. 338.)

Here, unlike *Bland*, the trial court instructed on the definition of proximate cause. In addition, here there is no doubt Ferrell inflicted the injury that killed Rawlings. He admitted so to the police, and his defense witness so testified at trial.

Ferrell relies on *People v. Offley* (2020) 48 Cal.App.5th 588. In *Offley*, gang members entered into a conspiracy to ambush a vehicle believing its occupants were members of a rival gang. At least three people fired shots into the vehicle, including defendant. The defendant was convicted of murder and

6

attempted murder, and the jury found a firearm enhancement pursuant to section 12022.53, subdivision (d) to be true. Subsequently, the Legislature changed the law to require proof of personal malice aforethought for a murder conviction. (§ 188, subd. (a)(3).) The defendant petitioned for relief under section 1170.95, establishing a procedure for vacating murder convictions for defendants who could not have been convicted of murder under the new law. Based on the jury's section 12022.53, subdivision (d) finding, the trial court summarily denied the petition for failure to state a prima facie case. The Court of Appeal reversed. The court held, "Because an enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*Offley*, at p. 598.)

We respectfully disagree with *Offley*. Under these facts, section 12022.53, subdivision (d) leads the *Offley* court to the wrong conclusion. It strains our credulity to believe that gang members shooting into a car containing rival gang members were not acting with at least implied malice. Similarly, here, Ferrell brought a gun to a gang fight and used it. It strains credulity beyond all reason to believe he did not act with at least implied malice.

DISPOSITION

The order to show cause is dissolved and the petition for a writ of habeas corpus is denied.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

8

Terry A. Bork, Marsha N. Revel, Judges

Superior Court County of Los Angeles

_____

Tyree Ferrell, in pro. per.; Cliff Gardner, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jaime L. Fuster and Joseph P. Lee, Deputy Attorneys General, for Respondent.